J-S32043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BERNARD ROY BEAIR, JR. | : | |
| | : | |
| Appellant | : | No. 440 MDA 2022 |

Appeal from the PCRA Order Entered March 1, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0000425-2006

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                **FILED OCTOBER 14, 2022**

Bernard Roy Beair, Jr., appeals from the order, entered in the Court of Common Pleas of Berks County, dismissing as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9542. Upon careful review, we affirm.

On March 26, 2008, Beair was sentenced to an aggregate term of 15 to 36 years' incarceration after a jury found him guilty of numerous offenses related to the long-term physical and sexual abuse of two of his daughters. Post-sentence motions were denied, and this Court dismissed Beair's appeal for failure to file a brief.

Following PCRA proceedings, Beair's direct appeal rights were reinstated, *nunc pro tunc*.  We affirmed Beair's judgment of sentence on December 20, 2011, and the Supreme Court denied allowance of appeal on

April 25, 2012.  Beair did not file a petition for writ of certiorari in the United States Supreme Court.

Subsequently, between July and November 2012, Beair filed a series of *pro se* documents with the trial court.  The court collectively treated the documents as a PCRA petition and appointed counsel, who filed an amended petition.  Following an evidentiary hearing, the court denied relief on July 27, 2017.  This Court affirmed, and the Supreme Court denied allowance of appeal.

In July 2018, while his first collateral appeal was still pending, Beair filed a *pro se* document entitled "Motion for New Trial and Notice of New Evidence." He resubmitted the motion on March 13, 2019, following the conclusion of his collateral appeal.  On May 29, 2019, Beair filed another document, styled as a "[PCRA] Motion and a Supplement to Motion for New Trial and Notice of New Evidence."  The court treated both documents as a request for PCRA relief,

and again appointed counsel,[1] who ultimately filed a **Turner**/**Finley**[2] "no-merit" letter. The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss, to which Beair did not respond. On April 30, 2020, the court dismissed Beair's PCRA petition and granted counsel leave to withdraw. Beair did not file an appeal.

Between November 29, 2020, and December 29, 2020, Beair filed three separate petitions, which the PCRA court collectively treated as a third PCRA petition and dismissed as untimely on February 11, 2021. Beair did not appeal. On February 25, 2021, Beair filed another "Motion for New Trial and Notice of New Evidence," which the court treated as a fourth PCRA petition and dismissed on January 18, 2022. Again, Beair did not appeal.

Finally, on December 29, 2021, Beair filed the instant PCRA petition, his fifth, in which he asserted that he received an illegal sentence because: (1) the trial court violated his constitutional rights when it considered Beair's lack

---

[1] A petitioner is generally not entitled to court-appointed counsel on a second or subsequent PCRA petition. **See Commonwealth v. Priovolos**, 746 A.2d 621, 624 (Pa. Super. 2000) (although first-time PCRA petitioner is entitled to appointment of counsel, there is no such entitlement on second and subsequent petitions). While it is unclear to this Court why the PCRA court opted to appoint counsel to represent Beair on his second PCRA petition, it was within the court's discretion to do so. **Commonwealth v. Smith**, 818 A.2d 494, 497 (Pa. 2003) (PCRA court has discretion to appoint counsel in any case when interests of justice require it). **See also** Pa.R.Crim.P. 904(E) (same).

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

of remorse in sentencing; (2) he was sentenced in excess of the aggravated range; and (3) he was improperly convicted under 18 Pa.C.S.A. § 3121(a)(6) because subsection (a)(6)—defining "rape" to include sexual intercourse with a complainant under the age of 13—did not exist prior to 1995, when, Beair claims, the criminal acts were alleged to have occurred.[3]  Following the issuance of a Rule 907 notice, the PCRA court dismissed Beair's petition as untimely.  Beair filed a timely notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Beair raises the following claims for our review:

1. Did the PCRA court err in dismissing the PCRA petition filed in this instant case based on incorrectly deciding the court is without jurisdiction to hear and rule on a claim of illegal sentence[?]

2. Was appellate counsel ineffective for failing to raise the claim of ineffective assistance of trial counsel and [] prosecutor[ial] misconduct[] on [] direct appeal and [in PCRA] proceedings?[4]

Brief of Appellant, at 6.

_____

[3] In fact, the rape in question was alleged to have occurred during the summer of 1995.  **See** N.T. Trial, 8/20/07, at 48-50 (victim testifying that Beair raped her in summertime after 1995 move to Gilbertsville).  The version of section 3121 under which Beair was convicted took effect 60 days after March 31, 1995, or on May 30, 1995.  **See** 1995, March 31, P.L. 985, No. 10 (Spec. Sess. No. 1), § 3, effective in 60 days.

[4] To the extent Beair attempts to raise claims of prosecutorial misconduct, those claims are waived for failure to include them in his PCRA petition.  **See** **Commonwealth v. Santiago**, 855 A.2d 682, 691 (Pa. 2004) (claim not raised in PCRA petition cannot be raised for first time on appeal).

When reviewing the propriety of an order denying PCRA relief, this Court is limited to a determination of whether the evidence of record supports the PCRA court's conclusions and whether its ruling is free of legal error. ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). This Court will not disturb the PCRA court's findings unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

At the outset, we consider whether this appeal is properly before us. The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014).

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii) applies.[5] The petitioner bears

_____

[5] Section 9545(b) provides for exceptions to the jurisdictional time bar as follows:

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this

*(Footnote Continued Next Page)*

the burden to plead and prove an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013). In addition, any petition attempting to invoke one of these exceptions must be filed within 60 days[6] of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

As noted previously, Beair was sentenced on March 26, 2008, and, following reinstatement of his direct appellate rights *nunc pro tunc*, our

---

Commonwealth or the Constitution or laws of the United States:

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii).

[6] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) to enlarge the time in which a petitioner may invoke a PCRA time-bar exception from 60 days to one year from the date the claim arises. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. However, the amendment applies only to claims arising on December 24, 2017, or thereafter. *Id.* at § 3. In this case, Beair's claims arose prior to the operative date of the amendment, so the 60-day period applies.

Supreme Court denied his petition for allowance of appeal on April 25, 2012. Thus, Beair's judgment of sentence became final on July 24, 2012. ***See*** 42 Pa.C.S.A. §9545(b)(3); U.S. Sup. Ct. R. 13. Since the instant petition was not filed until December 29, 2021, it is patently untimely, and the burden fell upon Beair to plead and prove one of the enumerated exceptions to the one-year time bar.

Here, Beair has failed to plead and prove any exception to the jurisdictional time bar.[7] Moreover, a challenge to the legality of one's sentence does not allow a petitioner to evade the PCRA's timeliness requirements. ***Commonwealth v. Woods***, 179 A.3d 37, 43 (Pa. Super. 2017). "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999). Accordingly, the PCRA court properly denied relief.

_____

[7] In his PCRA petition, Beair attempts to invoke the after-recognized constitutional right exception contained in section 9545(b)(1)(iii), baldly alleging that "[t]his court has authority and jurisdiction to grant relief to petitioner . . . because this is a constitutional issue decided by both the United States and Pennsylvania Supreme Courts." PCRA Petition, 12/29/21, at ¶ 5. However, Beair does not cite to any relevant decision or after-recognized constitutional right.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2022